UNION GUARDIAN TRUST CO. v. COMMERCIAL REALTY CO.

1. MORTGAGES — TRUST MORTGAGES — PURCHASE AT FORECLOSURE BY TRUSTEE—STATUTES.

> Pursuant to statute, authorizing court to permit trustee under trust mortgage to make a bid for property securing the mortgage sold at foreclosure where either no bid or an alleged inadequate one had been made, and request by trustee and

bondholders representing majority of amount of outstanding bonds, bid submitted by trustee, if it does elect to make one, must be in accordance with order of the court, based on its determination as to what is the fair and reasonable value of the bondholders' interest and not for any other or different sum (Act No. 210, Pub. Acts 1933).

2. Same—Foreclosure—Confirmation—Statutes.
Confirmation of sale of trust mortgage property at $25,000 to trustee *held*, erroneous, where not in accordance with order of court based on its determination that fair and reasonable value of interest of bondholders was $2,000 (Act No. 210, Pub. Acts 1933).

Wiest, J., dissenting.

Appeal from Kent; Brown (William B.), J. Submitted October 6, 1937. (Docket No. 32, Calendar No. 39,498.) Decided December 29, 1937.

Bill by Union Guardian Trust Company, a Michigan corporation, against Commercial Realty Company, Julius Berman and others to foreclose a trust mortgage. Decree for plaintiff. On petition for confirmation of mortgage sale. Defendant Berman filed objections thereto. From order confirming sale, defendant Berman appeals. Reversed.

*Knappen, Uhl, Bryant & Snow,* for plaintiff.

*David I. Hubar (Milton M. Maddin,* of counsel), for defendant Berman.

Chandler, J. Appellant acquired the legal title to certain real property located in the city of Grand Rapids, which was subject to a trust mortgage to plaintiff appellee as trustee, given to secure an issue of first mortgage bonds. Default having been made in the terms and conditions of the mortgage, foreclosure proceedings in chancery were instituted, re-

sulting in a sale of the mortgaged premises to the trustee. Appellant filed objections attacking the validity of the foreclosure sale and moved the court that the same be declared invalid and vacated. He appeals from an order denying his motion and confirming the sale.

Only one of appellant's contentions will be hereinafter discussed, all of his claims being based upon the alleged failure to comply with the provisions of Act No. 210, Pub. Acts 1933.

On March 20, 1936, the circuit court commissioner filed a report of the mortgage foreclosure sale held by him on March 17, 1936, in which he reported that "no bids were made for said premises either in parcels or in one parcel as an entirety," and further, that in his opinion "a bid representing the fair and reasonable value of the present interest of said mortgaged premises cannot be obtained at the present time, and does not appear to be obtainable at the present time or in the near future." Thereupon, the trustee filed a written request for authority to bid for and acquire the mortgaged premises pursuant to the provisions of Act No. 210, Pub. Acts 1933, which was accompanied by a like written request by the bondholders holding a majority of the amount of bonds outstanding. An order to show cause as to why the request of the trustee should not be granted issued, which was followed by an order authorizing the trustee to bid for and acquire the property for the sum of $2,000, that being the amount found by the court to represent the fair and reasonable value of the interests of the bondholders in said property. The trustee, however, filed its bid in the amount of $25,000 rather than $2,000 as authorized by the order of the court. On August 18, 1936, the circuit court commissioner filed a second report of sale, showing

a sale of the premises and the execution of a deed thereof to the trustee for the sum of $25,000.

It is appellant's claim that the sale was invalid for the reason that the bid submitted by the trustee and accepted by the circuit court commissioner was not in accordance with the order of the court authorizing the trustee to bid for and acquire the property and not in accordance with the provisions of the statute.

The act provides, after setting up certain preliminary requirements, that,

"An order authorizing but not requiring the trustee to bid for and acquire the mortgaged property for such sum as shall, in the judgment of the court, represent the fair and reasonable value of the interests therein of the holders of the bonds may be entered if, upon said hearing, the court shall find either that no bid was made for the property offered for sale under said decree or that the sums so bid therefor did not represent the fair and reasonable value of the interests of such holders in said property and that no bid for a sum representing such fair and reasonable value of such interest appears to be obtainable."

The act then provides for the manner in which the trustee shall bid as authorized by the court and contains provisions governing proceedings subsequent to the sale to the trustee.

It thus appears that upon hearing of the order to show cause as to why the trustee should not be permitted to bid for and acquire the mortgaged property, the court must first determine what sum shall, in the judgment of the court, represent the fair and reasonable value of the interests of the bondholders in the property to be sold. Upon determining this sum, the court, in a proper case, may enter an order authorizing the trustee to bid for and acquire the

property for the sum so determined. Although the trustee is not required to submit a bid even if authorized to do so, it is apparent that under the plain provisions of the statute, if a bid is submitted, it must be in accordance with the order of the court. By no flight of the imaginative mind can it be said that the statute authorizes the trustee to bid for and acquire the property for any sum other or different than that ordered by the court and found by the court to represent the fair and reasonable value of the interests of the bondholders in the premises.

In the instant case, the court authorized a bid of $2,000. The trustee bid, instead thereof, and acquired the premises for $25,000. Obviously, this was in accordance with neither the order of the court nor the provisions of the statute and appellant's objections to the confirmation of said sale should have been sustained.

The order fixing the value of the bondholders' interest at $2,000 is vacated, the order of the trial court confirming the sale is reversed, the sale vacated, the circuit court commissioner's deed cancelled, and the case remanded for further proceedings in accordance with the foreclosure decree and this opinion. Costs to appellant.

Fead, C. J., and North, Butzel, Bushnell, Sharpe, and Potter, JJ., concurred.

Wiest, J. (*dissenting*). I think the bid fixed by the court under the provisions of the statute was a minimum bid and not a maximum.

I am, therefore, for affirmance.